THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
GAVIN L. GREENE (SBN 230807)
Assistant United States Attorney
    Room 7211 Federal Building
    300 North Los Angeles Street
    Los Angeles, CA 90012
    Telephone: (213) 894-4600
    Facsimile: (213) 894-0115
    Email: Gavin.Greene@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>DOROTHY MILLER, et al.,<br><br>    Defendants. | Case No. CV08-02094 VBF (Ex)<br><br>[PROPOSED]<br><br>STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW<br><br>Motion Hearing:<br><br>Date:    August 18, 2008<br>Time:    1:30 p.m.<br>Address:  United States Courthouse<br>    312 N. Spring Street<br>    Los Angeles, California<br>    Courtroom No. 9 |

The Motion for Summary Judgment filed by the United States of America (Plaintiff) came on for hearing before the Court on August 18, 2008. Based on the papers filed in this case, the arguments advanced at the hearing, and all other matters properly made part of the record, the Court makes the following Findings of Uncontroverted Facts and Conclusions of Law:

## STATEMENT OF UNCONTROVERTED FACTS

1. On February 12, 2001, the Internal Revenue Service (IRS) assessed $408,095 of income tax against John Miller (the taxpayer) for tax year 1992. Declaration of Donna Beeman (Declaration) ¶ 5.

2. On February 16, 2001, the Dorothy M. Miller Trust (the trust) transferred real property commonly referred to as 918 W. Balboa Boulevard, Newport Beach, California (the property) to the taxpayer.  Declaration ¶ 6.

3. The legal description of the property is as follows:

> Lot 10, Block 109 of Section "B" Newport Beach, in the City of Newport Beach, County of Orange, State of California, as per map recorded in Book 4, Page 27, of Miscellaneous Maps, in the Office of the County Recorder of said County.
> [Assessor Parcel No. 047-273-19]

Declaration ¶ 7.

4. On August 29, 2001, World Savings Bank, FSB (World Savings) issued a mortgage to the taxpayer for $325,000 which was secured by the property. Declaration ¶ 8.

5. On September 5, 2001, the World Savings recorded a Deed of Trust on the property to secure a mortgage of $325,000 that had been made to the taxpayer.  Declaration ¶ 9.

6. On October 4, 2001, the taxpayer transferred the property to the trust.  Declaration ¶ 10.

7. The mortgage on the property was refinanced by Countrywide Bank, FSB (Countrywide).  Declaration ¶ 11.

8. August 29, 2007, Countrywide recorded a Deed of Trust to secure the mortgage of $309,440 on the property.  Declaration ¶ 12.

9. The property is currently held in the name of the trust. Declaration ¶ 13.

10. As of May 2, 2008, the taxpayer's assessed balance due for tax year 1992 was $867,257.52. Declaration ¶ 14.

11. Any conclusion of law deemed more appropriately designated as an uncontroverted fact is incorporated here as an uncontroverted fact.

## CONCLUSIONS OF LAW

1. A lien for unpaid tax liabilities arises in favor of the United States against all property and rights to property owned by the taxpayer as of the assessment date. 26 U.S.C. §§ 6321 and 6322. Tax liens attach to all property acquired after assessment. Bank of America Nat. Trust and Sav. Ass'n v. Mamakos, 509 F.2d 1217, 1219 (9th Cir. 1975). Tax liens continue with property through transfers from the taxpayer to other parties. United States v. Bess, 357 U.S. 51, 57, 78 S.Ct 1054, 1058 (1958).

2. State law determines the nature of the legal interest a taxpayer has in property. United States v. Nat'l Bank of Commerce, 472 U.S. 713, 722, 105 S.Ct. 2919, 2925 (1985). However, whether a taxpayer's state law rights constitute an interest that can be attached under 26 U.S.C. § 6321 is a matter of federal law. Id.

3. Under California law, the title holder of property has the right to borrow against the property using a secured trust instrument, such as a mortgage. See Cal. Civ. Code § 2888 (1993). See Mack v. Wetzlar, 39 Cal. 247, 254 (1870).

4. For a tax lien under 26 U.S.C. § 6321 to attach to a taxpayer's property interest, the taxpayer must have a beneficial interest, rather than a bare legal interest. Drye v. United States, 528 U.S. 49, 59 n. 6, 120 S.Ct. 474, 482 n.6 (1999). A taxpayer has a beneficial interest if a taxpayer has a right that may be borrowed against, assigned, or pledged. United States v. Bess, 357 U.S. 51, 56, 78 S.Ct. 1054, 1058 (1958).

5. Once the United States establishes that a taxpayer has an interest property, and that the tax lien of the United States has attached to such interest, it is well settled that the United States may foreclose its lien against the taxpayers' interest in the subject property. 26 U.S.C. § 7403; <u>United States v. Rodgers</u>, 461 U.S. 677, 103 S.Ct. 2132 (1983).

6. Until the United States records a notice of federal tax lien (NFTL), the lien created under 26 U.S.C. § 6323 is not valid against a holder of a security interest. 26 U.S.C. § 6323(a).

7. There are no disputed issues of material fact, and the United States is entitled to a judgment in its favor as a matter of law.

8. Any uncontroverted fact deemed more appropriately designated as a conclusion of law is incorporated here as a conclusion of law.

**IT IS SO ORDERED.**

DATED: __October 8, 2008__   _____
*Valerie Baker Fairbank*
VALERIE B. FAIRBANK
United States District Judge

Presented by:

THOMAS P. O'BRIEN
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division


GAVIN L. GREENE
Assistant United States Attorney
Attorneys for United States of America

4